IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TYRON D. FREEMAN, )<br>)<br>Defendant. ) | No. 09-CR-30033 |

**OPINION**

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Defendant Tyron Freeman's Motion for Disclosure of Confidential Source (d/e 30). Freeman is charged with possession with intent to distribute five or more grams of cocaine base (crack). Indictment (d/e 2). On August 3, 2010, Freeman filed a Motion to Dismiss Charge (d/e 25), which the Court has construed as a motion to suppress evidence. See Minute Entry, dated August 31, 2010. Freeman now seeks an order directing the Government to disclose the identity of a confidential source, identified as CS#2 in the Government's Response in Opposition to Defendant's Motion to Dismiss (d/e 29). The Government opposes disclosure. United States' Opposition to Defendant's Motion for Disclosure of Confidential Source (d/e 32). For the reasons set forth below, the Motion for Disclosure is allowed.

Freeman was arrested on July 28, 2008, following an attempted controlled drug transaction and a traffic stop, for attempted manufacture and delivery of a

controlled substance. Subsequent to his arrest, Freeman was transported to the Sangamon County Jail, where he was strip searched by jail personnel at the request of arresting officers Baehr and Pletsch. According to the Government, approximately two months prior to Freeman's arrest, CS#2 informed Officer Baehr that Freeman "sometimes" or "typically" concealed narcotics in his anus. <u>United States' Opposition to Defendant's Motion for Disclosure of Confidential Source</u>, p. 3 ("defendant sometimes concealed narcotics in his anal cavity"); <u>Government's Response in Opposition to Defendant's Motion to Dismiss</u>, p. 4 ("defendant typically concealed narcotics in his anus"). Law enforcement officials allegedly recovered approximately 31 grams of crack cocaine from Freeman's anus in connection with the search.

## ANALYSIS

The Government has a limited privilege to withhold the identity of a confidential source from a criminal defendant. <u>Roviaro v. United States</u>, 353 U.S. 53, 59-60 (1957). The privilege gives way if the defendant establishes that disclosure of the source's identity "is relevant and helpful" to his defense or "essential to a fair determination of a cause." <u>Id</u>. at 60-61. In analyzing Freeman's Motion for Disclosure, the Court must balance "the public interest in protecting the flow of information against the individual's right to prepare his defense." <u>Id</u>. at 62. This depends "on the particular circumstances of each case,

taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id.

According to Freeman, the disclosure of CS#2's identity is necessary to adequately present his motion to suppress. The Government responds that the sole issue raised in the motion to suppress is whether probable cause existed for Freeman's arrest and the identity of CS#2 is irrelevant to this analysis. The Government's characterization of the motion to suppress is too narrow. Freeman's pro se Motion to Dismiss Charge, which was adopted by defense counsel, expressly asserts that authorities lacked probable cause to subject him to a body cavity search. Motion to Dismiss Charge, p. 3-4. Thus, the information provided by CS#2 is at issue in the motion to suppress.

Freeman asserts, and the Government does not contest, that the Sangamon County Jail does not routinely strip search individuals before booking them into the jail but only does so at the request of the arresting officer or when the jail has reason to believe that the individual may be concealing contraband. Freeman asserts, and the Government does not contest, that the strip search in the instant case falls into the first category, i.e., it was performed at the request of Officers Baehr and Pletch.

The Supreme Court has recognized the use of strip searches as a valid means to prevent detainees from smuggling drugs into detention facilities. Bell v.

Wolfish, 441 U.S. 520, 559 (1979). The Seventh Circuit has characterized strip searches involving visual inspection of the anal and genital areas as "demeaning, dehumanizing, undignified, humiliating, terrifying, unpleasant, embarrassing, repulsive, signifying degradation and submission" and has noted that "[t]he more intrusive the search, the closer governmental authorities must come to demonstrating probable cause for believing that the search will uncover the objects for which the search is being conducted." Mary Beth G. v. City of Chicago, 723 F.2d 1263, 1272-73 (7th Cir. 1983) (internal quotations and citations omitted). In the pretrial detention setting, law enforcement officials may conduct a strip search of an individual arrested on even a minor offense when they have reasonable suspicion at the time of the search to believe that the individual is concealing contraband on his body. See Kraushaar v. Flanigan, 45 F.3d 1040, 1045 (7th Cir. 1995).

The nature of CS#2's role in the discovery of the crack cocaine is an important factor to consider when determining whether CS#2's identity should be disclosed. United States v. Harris, 531 F.3d 507, 515 (7th Cir. 2008). The Harris Court distinguished between a confidential informant who was a mere "tipster" – i.e., someone whose only role is to provide the police with the relevant information that serves as the foundation for obtaining a search warrant – and one who was a "transactional witness" and participated in the crime charged

against a defendant or witnessed the event in question.  Id.  The Court reiterated that when the informant is a mere "tipster," disclosure is not required.

Turning to the particular circumstances of the instant case, the Court finds that the disclosure of CS#2's identity would be relevant and helpful to Freeman's defense and essential to a fair determination of a cause.  Although not a transactional witness, CS#2 is not a mere tipster, whose information was included in a request for a search warrant.  The crack cocaine underlying the pending charge was discovered pursuant to a warrantless strip search.  The record before the Court supports a finding that the justification for the strip search was, at least in part, the statement by CS#2 that Freeman concealed narcotics in his anus.  The Government does not argue that sufficient evidence existed, apart from the information provided by CS#2, to justify the strip search.  See, e.g., Roviaro, 353 U.S. at 61.  Thus, the credibility of the confidential source is highly relevant to the issues before the Court.  Weighing the defendant's interest in a fair trial against the public's interest in obtaining information necessary to detect and prosecute those who commit crimes, the Court concludes that disclosure is appropriate.

THEREFORE, for the reasons set forth above, Defendant Tyron Freeman's Motion for Disclosure of Confidential Source (d/e 30) is ALLOWED.  The

Government is directed to disclose the identity of the individual identified as CS#2 to the defense instanter.

IT IS THEREFORE SO ORDERED.

ENTER:   September 23, 2010

       FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE