IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-30033 |
| | ) | |
| TYRON D. FREEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION

RICHARD MILLS, United States District Judge:

The Defendant--Tyron D. Freeman—seeks a reduced sentence under Section 404(b) of the First Step Act.

The motion is granted.

I.

The Fair Sentencing Act of 2010 amended 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amount of crack cocaine a violation of § 841(a) must involve in order to trigger mandatory minimum and accompanying statutory maximum sentences set forth in §§ 841(b)(1)(A) and (B).  Prior to the Fair Sentencing Act, an offense involving at least 50 grams of crack cocaine triggered a 10-year mandatory minimum and a statutory maximum penalty of life imprisonment, while an offense involving 5 grams of crack cocaine triggered a 5-

1

year mandatory minimum and a statutory maximum of 40 years imprisonment. *See Dorsey v. United States*, 567 U.S. 260, 266 (2012); 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii) (2006 ed.).

Following the enactment of the Fair Sentencing Act, it takes 280 grams of crack to trigger § 841(b)(1)(A)(iii)'s 10-year mandatory minimum and 28 grams of crack to trigger § 841(b)(1)(B)(iii)'s 5-year mandatory minimum. *See Dorsey*, 567 U.S. at 269. The Supreme Court determined that the Fair Sentencing Act applied to any defendant who was sentenced after August 3, 2010. *See id*. at 281. It did not apply retroactively to defendants sentenced prior to that date. *See id*.

Section 404 of the First Step Act makes the changes to § 841(b)(1)(A)(iii) and (B)(iii) by section 2 of the Fair Sentencing Act retroactive. Specifically, § 404(a) defines a covered offense as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." Section 404(b) of the First Step Act states "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."

Section 404(c) includes two limitations on the Court's authority to impose a reduced sentence. First, if the defendant's sentence was imposed or previously

reduced in accordance with the amendment made by sections 2 and 3 of the Fair Sentencing Act, the defendant cannot receive a reduced sentence. Second, if the Court previously rejected a motion under § 404 of the First Step Act "after a complete review of the motion on the merits," the defendant cannot ask for a second bite at the apple.

The Parties agree that Defendant should receive a sentence reduction.

## II.

On March 2, 2011, following a jury trial, Defendant Tyron D. Freeman was found guilty of knowingly and intentionally possessing five or more grams of a mixture and substance containing crack cocaine. The jury also found that the substance involved was 28 or more grams of crack cocaine. However, the Government did not file a superseding indictment so, as alleged in the single-count indictment, the Defendant was convicted of possessing five or more grams of crack cocaine with intent to distribute.

On September 8, 2009, pursuant to 21 U.S.C. § 851, the Government filed a notice to enhance the Defendant's sentence based on prior drug offenses. Under the law at the time, the Defendant faced a mandatory minimum of 10 years to life imprisonment. 21 U.S.C. § 841(b)(1)(B).

At sentencing, the Defendant was determined to be a career offender. As a career offender facing a statutory maximum penalty of life imprisonment, the

Defendant's total offense level was 37 with a criminal history category of VI. The Defendant's Guidelines Range was 360 months to life imprisonment. His minimum term of supervised release was 8 years.

The Defendant was sentenced to a term of 360 months imprisonment, followed by 8 years of supervised release. He has not received any post-sentencing reductions and is set to be released from prison in 2034.

The Defendant is eligible for a reduced sentence under section 404 of the First Step Act. The Court imposed the 360-month sentence for a "covered offense" because the Defendant committed the offense before August 3, 2010, and the statutory penalty under § 841(b)(1)(A) for possessing five or more grams of crack was modified by section 2 of the Fair Sentencing Act. Section 404(b) of the First Step Act permits a court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."

In *United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020), the Seventh Circuit concluded that "the statute of conviction alone determines eligibility for First Step Act relief." Accordingly, the Defendant's offense is a "covered offense" under the plain language of the First Step Act because the Fair Sentencing Act modified the penalties for crack offenses as a whole, not for individual violations. The fact that the jury found the offense involved more than 28 grams does not matter because

a violation of the statute of conviction at the time involved possessing five or more grams of crack cocaine with the intent to distribute. Therefore, the Defendant is eligible for a reduced sentence under the First Step Act notwithstanding any offense conduct findings made by the jury.

It was not until June 21, 2012, after the Defendant's sentencing, that the Supreme Court determined that the Fair Sentencing Act applied to any defendant who had not been sentenced as of the Act's effective date of August 3, 2010—like the Defendant. *See Dorsey v. United States*, 567 U.S. 260. 281 (2012). Before *Dorsey*, the Defendant was not entitled to any relief under the Fair Sentencing Act because his underlying criminal conduct predated its enactment.

The Government concurs with the Defendant's request and recommends a that his sentence be reduced to 262 months, followed by six years of supervised release.

Under the Fair Sentencing Act, the Defendant's offense of conviction is now subject to a statutory maximum of 30 years imprisonment. 21 U.S.C. § 841(b)(1)(C). Based on the reduced statutory maximum, the Defendant's offense level drops from 37 to 34. U.S.S.G. § 4B1.1(b). A total offense level of 34 and criminal history category of VI results in a Guideline Range of 262 to 327 months imprisonment, rather than 360 months to life imprisonment.

The Court concludes that the Fair Sentencing Act should be given effect and the Defendant be given a low-end Guideline Sentence as before. Accordingly, the Defendant's sentence will be reduced to 262 months imprisonment.

<u>Ergo</u>, Defendant Tyron D. Freeman's Motion for Reduced Sentence under Section 404(b) of the First Step Act [d/e 100] is GRANTED.

Defendant Tyron D. Freeman's sentence is reduced from 360 months to 262 months imprisonment

Defendant Freeman's supervised release term is reduced from 8 years to 6 years.

The Clerk will terminate the Defendant's pro se motion [d/e 96].

The Clerk will prepare an Order for Sentence Reduction Pursuant to Section 404 of the First Step Act of 2018.

ENTER: July 30, 2020    FOR THE COURT:

                                                /s/ *Richard Mills*
                                                Richard Mills
                                                United States District Judge